1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS H. ALMEIDA,

        Plaintiff,

    v.

CLARK E. DUCART, et al.,

        Defendants.

Case No.  16-cv-02689-JD

**ORDER OF SERVICE**

       Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**STANDARD OF REVIEW**

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

1    the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

2    omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

3    face."  *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"

4    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

5    must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

6    should assume their veracity and then determine whether they plausibly give rise to an entitlement

7    to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

9    the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

10   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

11       **LEGAL CLAIMS**

12       Plaintiff alleges that he was improperly validated as a gang member and placed in the

13   Secure Housing Unit ("SHU") and improperly retained there.  He argues this violated due process,

14   the Eighth Amendment, equal protection, and related state laws.

15       **Due Process**

16       The Due Process Clause of the Fourteenth Amendment protects prisoners from being

17   deprived of life, liberty, or property without due process of law.  *Wolff v. McDonnell*, 418 U.S.

18   539, 556 (1974).  The procedural guarantees of the Fifth and Fourteenth Amendments' Due

19   Process Clauses apply only when a constitutionally protected liberty or property interest is at

20   stake.  *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977).  Liberty interests can arise both

21   from the Constitution and from state law.  *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005);

22   *Hewitt v. Helms*, 459 U.S. 460, 466 (1983).  The Due Process Clause itself does not confer on

23   inmates a liberty interest in avoiding "more adverse conditions of confinement."  *Id*.  The Due

24   Process Clause itself does not confer on inmates a liberty interest in being confined in the general

25   prison population instead of administrative segregation.  *See Hewitt*, 459 U.S. at 466-68.

26       With respect to liberty interests arising from state law, the existence of a liberty interest

27   created by prison regulations is determined by focusing on the nature of the deprivation.   *Sandin*

28   *v. Connor*, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1  limited to freedom from restraint which "imposes atypical and significant hardship on the inmate

2  in relation to the ordinary incidents of prison life." *Id*. at 484.  When conducting the *Sandin*

3  inquiry, Courts should look to Eighth Amendment standards as well as the prisoners' conditions of

4  confinement, the duration of the sanction, and whether the sanctions will affect the length of the

5  prisoners' sentence. See *Serrano*, 345 F.3d at 1078.  The placement of an inmate in the SHU

6  indeterminately may amount to a deprivation of a liberty interest of "real substance" within the

7  meaning of *Sandin*.  See *Wilkinson*, 545 U.S. at 224.

8       The assignment of validated gang members to the SHU is an administrative measure rather

9  than a disciplinary measure, and is "essentially a matter of administrative segregation." *Bruce v.*

10  *Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (*quoting Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th

11  Cir. 1997)).  As such, a prisoner is entitled to the minimal procedural protections set forth in

12  *Toussaint*, such as notice, an opportunity to be heard, and periodic review.  *Bruce*, 351 F.3d at

13  1287 (*citing Toussaint*, 801 F.2d at 1100).  Due process also requires that there be an evidentiary

14  basis for the prison officials' decision to place an inmate in segregation for administrative reasons.

15  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Toussaint*, 801 F.2d at 1104-05.  This standard

16  is met if there is 'some evidence' from which the conclusion of the administrative tribunal could

17  be deduced.  *Id*. at 1105.  The standard is only "minimally stringent" and the relevant inquiry is

18  whether there is any evidence in the record that could support the conclusion reached by the prison

19  decision-makers.  *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.1987).  The "some evidence"

20  standard applies to an inmate's placement in the SHU for gang affiliation.  *See Bruce*, 351 F.3d at

21  1287-88.

22       When a prisoner is placed in administrative segregation, prison officials must, within a

23  reasonable time after the prisoner's placement, conduct an informal, non-adversary review of the

24  evidence justifying the decision to segregate the prisoner.  *See Hewitt*, 459 U.S. at 476, *abrogated*

25  *in part on other grounds by Sandin*, 515 U.S. 472 (1995).  The Supreme Court has stated that five

26  days is a reasonable time for the post-placement review.  *See Hewitt*, 459 U.S. at 477.  Before the

27  review, the prisoner must receive some notice of the charges and be given an opportunity to

28  respond to the charges.  *See id*. at 476.  The prisoner, however, is not entitled to "detailed written

notice of charges, representation of counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Toussaint*, 801 F.2d at 1100-01 (citations omitted).  After the prisoner has been placed in administrative segregation, prison officials must periodically review the initial placement.  *See Hewitt*, 459 U.S. at 477 n.9.

Plaintiff argues that on August 14, 2012, defendants Beeson and Burt improperly validated him as a gang member in violation of due process which resulted in placement in the SHU.  He states that defendants Gongora, Neal, Beal and Ducart violated due process by maintaining plaintiff in the SHU as a validated gang member during several classification reviews.  These claims are sufficient to proceed.

### Eighth Amendment

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *See Helling v. McKinney*, 509 U.S. 25, 31 (1993).  In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  *See Farmer*, 511 U.S. at 832.

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

Plaintiff argues that his placement in the SHU for the last four years violated the Eighth Amendment.  He states that he has suffered severe mental and physical pain spending twenty-two and a half hours in a windowless cell.  This claim is sufficient to proceed.

United States District Court
Northern District of California

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

Plaintiff, who states he is Hispanic, contends that Hispanics are more easily validated as gang members than other races. This claim is sufficient to proceed.

**Remaining Claims**

Plaintiff also raises related state claims to the federal claims above which are sufficient to proceed. Plaintiff also names as a defendant, Jeffrey Beard, the former director of the California Department of Corrections and Rehabilitation. Plaintiff argues that he is responsible in his role as a supervisor.

Supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong, *Iqbal*, 556 U.S. at 675-84 (noting no vicarious liability under Section 1983 or *Bivens* actions), and unfairly subject the supervisor defendants to the expense of discovery and continued litigation, *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability). So it is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). Under no circumstances is there respondeat superior liability under section 1983, which means there is no liability under section 1983 solely because one is purportedly responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

This defendant is dismissed from this action because plaintiff has failed to alleged any involvement in the underlying claims.

5

**CONCLUSION**

1.     The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: J. Beeson and R. Burt, Special Agents at the Office of Correctional Safety in Sacramento, CA; Warden Clark E. Ducart, Assistant Deputy Warden R. Bell, Correctional Counselor D. Gongora and Correctional Counselor B. Neal all at Pelican Bay State Prison. Defendant Beard is dismissed from this action.

2.     In order to expedite the resolution of this case, the Court orders as follows:

a.     No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due.  All papers filed with the Court shall be promptly served on the plaintiff.

b.     At the time the dispositive motion is served, defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

c.     Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon defendant no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take

United States District Court
Northern District of California

6

1    note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided

2    to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

3           d.      If defendant wishes to file a reply brief, he shall do so no later than fifteen

4    days after the opposition is served upon him.

5           e.      The motion shall be deemed submitted as of the date the reply brief is due.

6    No hearing will be held on the motion unless the Court so orders at a later date.

7           3.      All communications by plaintiff with the Court must be served on defendant, or

8    defendant's counsel once counsel has been designated, by mailing a true copy of the document to

9    defendants or defendants' counsel.

10          4.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

11   No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

12   parties may conduct discovery.

13          5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

14   informed of any change of address by filing a separate paper with the clerk headed "Notice of

15   Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to

16   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

17   Civil Procedure 41(b).

18          **IT IS SO ORDERED.**

19   Dated:  June 27, 2016

20

21   _____

22   JAMES DONATO
     United States District Judge

23

24

25

26

27

28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS H. ALMEIDA,

          Plaintiff,

    v.

CLARK E. DUCART, et al.,

          Defendants.

Case No.  16-cv-02689-JD

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on June 27, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlos H. Almeida
G30247
P.O. Box 7500
Crescent City, CA 95532

Dated: June 27, 2016

                            Susan Y. Soong
                            Clerk, United States District Court

                            By: *Lisa R. Clark*
                            LISA R. CLARK, Deputy Clerk to the
                            Honorable JAMES DONATO